Turley, J.
delivered the opinion of the court.
This is an action of detinue commenced by Samuel Hatfield, administrator, against David McGowan in his life time, and revived after his death against his administrator for certain negroes, which are claimed by the plaintiff below as part and portion of the estate of his intestate. The defence relied upon, is the statute of limitations. The declaration was filed at the June term, 1841, of the circuit court of Coffee county. The case was continued from that term generally till the February term, 1844, of said court, at which term of the court, after the case had been submitted to a jury, the plaintiff took a non suit, which was set aside.
At the June term, 1844, when the case was again called for trial, the plaintiff moved for leave to file a special replication to the plea of non detinet within three years, which was granted him. Whereupon he replied, that his intestate was a lunatic and of insane mind at the time the cause of action accrued, and so continued up to his death; to which re *109 plication there was a rejoinder and issue, which was at the same term submitted to a jury, and found for the plaintiff.
The proof adduced by the plaintiff, tending to establish the insanity of the plaintiff’s intestate, were depositions taken in the State of Kentucky before the filing of the replication to the plea of the statute of limitations by the plaintiff, which were objected to upon the grounds that there was no issue upon which they could have been properly taken at that time and the defendant was therefore surprised by the attempt to use them. This objection was overruled, and the depositions permitted to be read.
In this, under all the circumstances of the case, we think there was error. The court and all the parties seem to have thought that it was necessary in this case to plead the statute of limitations as a defence to the action. If so, it was necessary that the defence of insanity should be replied; this not having been done before the depositions were taken, there was no issue, to which they were pertinent, and therefore, they could not have been legally taken; because, all legal testimony must be to a point material to an issue in controversy; there being no issue as to the insanity of plaintiff’s intestate, any proof taken upon that point, must have been immaterial, and of consequence there could have been no perjury committed upon it, and the opposite party could not have been required to meet it and rebut' it.
But, it may be said, that it was not necessary in an action of detinue for slaves, to plead the statute of limitations; because it has been held in this State that the statute of limitations operated upon the right, and not upon the form of the action; and that this being so, there was no necessity for a special replication of insanity by the plaintiff, and that therefore, the matter being always in issue under the plea of non detinet, the depositions were pertinent at all times, and might have been taken at any time, as well before the special replication as afterwards.
The court incline to believe that this view of the case, is correct and will have to be eventually maintained.
But still, this does not relieve us from the necessity of granting a new trial; because it is obvious that a different *110 view of the case was taken by the court and. counsel on both sides, in the court below, that it was considered necessary to plead the statute of limitations, and reply specially; and in this point of view, the reception of the depositions though not strictly illegal, must have operated as a surprise upon the defendant, who, under the circumstances as supposed to exist, was well warranted in believing that they had been illegally taken.
We therefore reverse the judgment and award a new trial.